ORIGINAL

**REISSUED FOR PUBLICATION**
**JUL 9 2018**
**OSM**
**U.S. COURT OF FEDERAL CLAIMS**

# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
Filed: June 14, 2018

```
* * * * * * * * * * * * * * * * * * * * * *
LEE HALEY,                               *
                                         *
                    Petitioner,          *
v.                                       *
                                         *
SECRETARY OF HEALTH                      *
AND HUMAN SERVICES,                      *
                                         *
                    Respondent.          *
* * * * * * * * * * * * * * * * * * * * * *
```

UNPROVIDED

UNPUBLISHED

No. 17-1742V

Special Master Gowen

Petitioner's Motion for Dismissal;
Influenza ("Flu") Vaccination;
Difficulty Breathing; Alternative Causes;
Deviated Septum; Allergic Rhinitis.

**FILED**

**JUN 1 4 2018**

**U.S. COURT OF
FEDERAL CLAIMS**

Lee Haley, petitioner, *pro se*.
Linda Renzi, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON ENTITLEMENT[1]

On November 6, 2017, Lee Haley ("petitioner"), acting *pro se*, filed a claim pursuant to the National Vaccine Injury Compensation Act ("Vaccine Act" or "the Act").[2]  He alleged that the influenza ("flu") vaccination he received on September 17, 2017 resulted in difficulty breathing, inability to sleep, and sinusitis.  As discussed herein, the claim is hereby dismissed on petitioner's oral motion, for failure to meet the Vaccine Act's severity requirement and for insufficient proof.

### I.      Procedural History

Petitioner initiated his claim on November 6, 2017.  Petition (ECF No. 1).  On December 21, 2017, the undersigned held an initial status conference with petitioner.  Ms. Linda Renzi

---

[1] Pursuant to the E-Government Act of 2002, see 44 U.S.C. § 3501 note (2012), **because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.**  The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7.  Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).  "An objecting party must provide the court with a proposed redacted version" of the decision.  Id.  **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.**  Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

appeared on behalf of respondent. During the status conference, petitioner stated that after receiving the flu vaccination, he was hospitalized and diagnosed with an upper respiratory infection. After discharge, he had continued trouble breathing. He had not been sleeping lying down. A nurse had given him an inhaler and medication. Order (ECF No. 10) at 1. I explained that under the Vaccine Act, a petitioner is only eligible to seek compensation for an injury which (1) has residual effects lasting for more than six months; or (2) leads to both hospitalization and surgical intervention; or (3) leads to death. Id.; see also §11(c)(1)(D). As petitioner did not allege surgical intervention and did not pass away, the only way for petitioner to seek compensation under the Act would be for the injury to last for more than six months. Id. As the six-month date from the time of the vaccination would have been March 2018, I informed petitioner that he should file a status report at that time, along with substantial medical records if the injury did not improve. Id. at 1-2. I also encouraged petitioner to get a lawyer, as it is difficult to succeed *pro se* in the Vaccine Program. Id. at 2.

Petitioner made no subsequent filings, and no further action was taken until the undersigned convened another status conference on May 22, 2018. See Transcript ("Tr.") at 1. During the status conference, petitioner provided an update on his current medical state. Id. at 4. Petitioner explained that his doctor diagnosed him with a deviated septum[3] with nasal turbinate hypertrophy[4], and allergic rhinitis[5] due to pollen. Additionally, petitioner disclosed that the deviated septum and other injuries were most likely unrelated to the flu vaccination, and that his doctor recommended surgery to correct the deviated septum. Petitioner stated at this point that he wished to dismiss his claim. Id. at 7. The undersigned asked, and petitioner confirmed that he was seeking voluntary dismissal of his claim. I noted that I would treat this statement as an oral motion for voluntary dismissal of his petition. Id. Respondent did not object to this course of action. Id.

The undersigned ordered the transcript to confirm the accuracy of petitioner's oral statements before ruling on this dispositive motion. The transcript has now been received and reviewed. Thus, this matter is now ripe for adjudication.

---

[3] The nasal septum is a thin structure that divides the two sides of the nose. The correct placement of the septum is in the center of the nose; if the septum is not in the center, it is considered "deviated". This leads to symptoms such as difficulty breathing and restricted mucus and airflow. The main treatment for this injury is surgery to repair the displaced septum. Deviated Septum, Farflex Partner Medical Dictionary 2012, https://medical-dictionary.thefreedictionary.com/deviated+septum (last visited June 6, 2018).

[4] Nasal Turbinate Hypertrophy is "a condition characterized by chronic swelling of the nasal turbinates." Nasal turbinates are structures in the nose that trap dust, dirt, and other particles to prevent them from entering the lungs. What Are Nasal Turbinates? Sinus Center of Atlanta 2015, https://www.atlantasinus.com/turbinate-hypertrophy/ (last visited June 8, 2018).

[5] Allergic rhinitis is "an inflammation of the nasal passages caused by allergic reaction to airborne substances." Allergic Rhinitis, Farflex Partner Medical Dictionary 2012, https://medical-dictionary.thefreedictionary.com/deviated+septum (last visited June 8, 2018).

## II.    Conclusion

Under the Vaccine Act, the Program may not award compensation solely based on a petitioner's own claims.  Rather, a petitioner must support his claim with either medical records or the opinion of a competent physician.  §13(a)(1).

The undersigned has fully reviewed the record as it stands, including the transcript of the status conference. There are two issues with petitioner's claim.  First, the Vaccine Act requires an injury to last at least six months in order to seek compensation.  §11(c)(1)(D).  It is doubtful that petitioner's initial alleged upper respiratory infection, resulting in his hospitalization, had residual effects lasting for at least six months.  As that injury did not reach the six-month threshold, it is not eligible for potential compensation under the Vaccine Act.  Accordingly, a claim for this injury must be dismissed.  § 11(c)(1)(A).

Second, it is highly unlikely that petitioner's deviated septum and allergic rhinitis are related to the flu vaccination.  Neither a deviated septum nor allergic rhinitis are autoimmune in nature, so it is doubtful that the vaccination caused either injury.  Petitioner has not submitted medical records or an expert opinion to indicate otherwise.  Thus, this claim cannot succeed and must be dismissed.  §11(c)(1)(A).

Petitioner understood these issues and agreed that his claim should be dismissed. **Accordingly, this claim is dismissed for failure to meet the Vaccine Act's severity requirement and for insufficient proof. The Clerk of the Court shall enter judgment accordingly.**

**IT IS SO ORDERED.**

Thomas L. Gowen
Special Master